George **DEMMERT**, Plaintiff,

v.

Charles **DEMMERT**, Defendant.

No. A–6714.

District Court, Alaska
First Division, Juneau.

April 9, 1956.

326

See also, 115 F.Supp. 430.

William L. Paul, Jr., Seattle, Wash., for plaintiff.

P. J. Gilmore, Jr., Ketchikan, Alaska, for defendant.

HODGE, District Judge.

The issues presented by the present controversy in this case are not too clear, the matter having been submitted to the undersigned judge without argument, and not being favored with any brief on the part of plaintiff, who appears to be the moving party. From the records and files, and the brief of the defendant, the situation appears to be as follows: On January 10, 1955, the plaintiff applied for "post execution examination of defendant and garnishee defendants" under the provisions of section 55–9–102, A.C.L.A. 1949, relating to the examination of judgment debtors, supported by affidavit showing judgment against the defendant remaining unsatisfied and alleging that the defendant had transferred for a nominal consideration to his children certain property consisting of lots in the Indian Townsite of Klawock, and alleging that such was done without adequate consideration and with the intent of avoiding payment of the judgment and for the purpose of defrauding plaintiff as judgment creditor. Such order was issued by the late Judge George W. Folta on January 14, 1955. I find no minutes of any hearing as ordered, but it appears from defendant's brief that the defendant did appear in answer to such order, was examined relative to his property which could be applied toward satisfaction of the judgment, and submitted Trustee's deeds from the Trustee for the Townsite of Klawock to the defendant, dated variously from May 13, 1953, to April 2, 1954, issued under the provisions of the Act of February 26, 1948, 62 Stat. 35, 48 U.S. C.A. § 355e, reciting that the land so conveyed "shall not be liable to the satisfaction of any debt, except obligations owed the Federal government, contracted prior to the issuing of this deed." The "garnishee defendants" were named as "Jane Doe and John Doe" but nothing appears to indicate the nature of their interests or the identity of such parties. Defendant later filed an answer to such application alleging that he received deeds from the Indian Townsite Trustee to such property, which he had since

transferred, which were issued after the indebtedness to the plaintiff represented by this suit was contracted; and that the land so conveyed is exempt from execution upon such judgment.

Apparently plaintiff seeks to set aside the subsequent transfer of these properties and for an order of the Court requiring the judgment debtor to apply the same in satisfaction of the judgment, or that such property be levied on by execution, as is provided by section 55–9–103, A.C.L.A.1949.

Defendant in his brief states that he has fully complied with the court order, that it was shown that the property involved is exempt from execution or levy and cannot be applied towards satisfaction of the judgment, and hence that it is immaterial to the plaintiff as a judgment creditor whether or not the property was subsequently transferred to defendant's children. With this position I fully concur.

The Act of Feb. 26, 1948, permitting the issuance of unrestricted deeds for townsite lands held by Alaska natives pursuant to the provisions of the Act of March 3, 1891, 48 U.S.C.A. § 355, or the Act of May 25, 1926, 48 U.S.C.A. §§ 355a, 355c, provides that upon the issuance of any such deed all previous restrictions as to sale or encumbrance on said land shall be removed, and that

> "said land shall not be liable to the satisfaction of any debt, except obligations owed the Federal Government, contracted prior to the issuing of such deed."

The express provision of this statute is plain and unambiguous, and has been applied by the Circuit Court of Appeals for this Circuit as exempting such property from all taxation. Demmert v. City of Klawock, 199 F.2d 32. By the same token it is exempt from execution upon plaintiff's judgment.

Moreover, even if this were not so, the court is without power in such supplementary proceedings to order property held by others to be applied in satisfaction of a judgment, but only property owned by the judgment debtor which is "liable to execution"; but such may only be accomplished if there be any conflicting claims to the property made in good faith by a separate action in equity for cancellation of the deeds issued to the children. 21 Am.Jur., Executions, 321, Sec. 676.

No such order as appears to be prayed for by plaintiff may therefore be issued. Defendant having fully complied with the court order, the exhibits introduced by him may be returned to his counsel without further order of the court.